IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>  vs.<br><br>Jesus Amurahaby Celestin-Ortega,<br>Trinidad Torres Meraz,<br>Jesse Rocha,<br><br><br><br>                    Defendants. | JOINT MOTION TO DECLARE CASE COMPLEX AND DESIGNTAION OF EXCLUDABLE TIME<br><br>Case No.: 3:24-cr-00061 |

COMES NOW, all above captioned defendants, by and through all Counsel, and respectfully request that the Court designate the above captioned matter as a "complex case" pursuant to 18 U.S.C. §3161(h)(7)(B). Finding therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), any period, of delay resulting from a continuance of the proceedings beyond the statutory speedy trial time period is justified because the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

## STATUTORY AUTHORITY

The Speedy Trial Act ("the Act") grants a criminal defendant the right to a trial in seventy days. *See generally* 18 U.S.C. 3161. However, that right is not absolute and is subject to certain exceptions. *See e.g.,* 18 U.S.C. 3161(h). One such exception involves

delay resulting from continuances based on the "ends of justice."  18 U.S.C. 3161(H)(7)(A).

The ends of justice provision provides flexibility in the Act given the wide variances in criminal cases. *United States v. Toombs*, 574 F.3d 1262, 1276 (10th Cir. 2009) (quoting *Zedner v. United States*, 547 U.S. 489, 497 (2006)) (Tymkovich, J., dissenting). In granting an ends of justice continuance, the district court must balance the factors in 18 U.S.C. 3161(h)(7)(B) and make findings on the record. *See also Id.* at 1272. Notably, the district court must provide "an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at 1271 (citations omitted).

Particularly relevant here is the "complex case" factor. *See* 18 U.S.C. 3161(h)(7)(B)(ii). In determining whether to grant an ends of justice continuance, the district court is to consider:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*Id. See also United States v. LoFranco*, 818 F.2d 276, 277 (2d Cir. 1987). In addition to the general parameters of the complex case provision, issues related: to the volume and scope of discovery; the number of defendants and period of the alleged criminal activity; the number of witnesses, extensiveness of videos and images, and potential need for forensic examinations; and discovery production, serve as examples of facts bearing on a complex case designation. *United States v. Fuentes*, 2011 WL 5233079 at *2 (D. NM

June 14, 2011) (unpublished), *United States v. Garcia*, 221 F.Supp.3d 1275, 1287-88 (D. NM 2016), *United States v. Hopson*, 2014 WL 2704639 at *1 (D. Co. June 13, 2014) (unpublished), *United States v. Perez-Alcala*, 2012 WL 2798797 at *2 (D. Kan. July 9, 2012 (unpublished), Here, the parties submit that the facts support a complex case designation and non-standard litigation schedule.

## FACTS

The listed defendants were indicted on April 18, 2024, and subsequently arrested at various times. (Doc. ID #1). Counsel for the parties have conferred and agree the following factors support a designation of this matter as a complex case:

(1) The charges in this case stem from alleged activity between January 2022 until date of the Indictment. The indictment in this case was retuned on April 18, 2024. (Doc. ID #1). The case includes nine (9) co-defendants, two of which are severed, and a total of four counts. The charges include a charge of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substances under 21 U.S.C. 841(a)(1). In addition, some defendants are charged with individual counts of Conspiracy to Import Controlled Substances into the United States under 21 U.S.C. 952, Money Laundering Conspiracy under 18 U.S.C. 1956, and Continuing Criminal Enterprise under 18 U.S.C. 848. The charges are serious, and the penalties are harsh. The indictment also includes forfeiture allegations.

(2) There is a large volume of reports, audio and video-recorded

evidence and documentary evidence that defense counsel will need to review and discuss with the defendants. Specifically, the first round of discovery included approximately 3,500 pages of documents and as well as excel spreadsheet documents and independent audio and video files. The second round of discovery included an approximately additional 32,000 pages of document files as well as excel spreadsheets and audio and video recordings. The third round of discovery included approximately10,000 pages of document files as well as excel spreadsheets and audio and video recordings. The fourth round of discovery contained 3,000 pages of document files as well as excel spreadsheets and audio and video recordings.

(3) The case is complex not only because of the voluminous nature of the discovery, but also because multiple defendants contained in this indictment do not speak English and require the use of an interpreter to review discovery and discuss legal strategy and defenses.

Since it would be unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the normal time limits, the parties move for an order granting the relief requested. All defendants join in this request to seek a complex case designation.

## POSITIONS OF PARTIES

Nicole L. Bredahl counsel for Jesus Celestin-Ortega have met and conferred regarding the contents of the joint motion to declare the case complex. She has discussed

the contents with Jesus Celestin-Ortega, and he understands and agrees with the need for the time discussed. He also understands his rights under the Speedy Trial Act and that by agreeing to this schedule the speedy trial time would be excluded.

Rajan Maline counsel for Trinidad Torres Meraz has met and conferred regarding the contents of the joint motion to declare the case complex and agrees with the time being requested and the complex designation. Counsel Maline has discussed the contents with Trinidad Torrez Meraz, and she understands and agrees with the need for the time discussed. She also understands her rights under the Speedy Trial Act and that by agreeing to this schedule that the speedy trial time would be excluded.

Chris Snyder counsel for Jesse Rocha has met and conferred regarding the contents of the joint motion to declare the case complex and agrees with the time being requested and the complex designation. Counsel Snyder has discussed the contents with Jesse Rocha, and he understands and agrees with the need for the time discussed. He also understands his rights under the Speedy Trial Act and that by agreeing to this schedule that the speedy trial time would be excluded.

Counsel for the Government Chris Myers has been consulted regarding their position on this motion. The Government has no objection to the complex case designation.

## CONCLUSIONS

THEREFORE, the parties respectfully request that the Court find pursuant to 18 U.S.C. § 3161(h)(7)(B) that this is a complex case and to make all other necessary and proper rulings in accord therewith.

Respectfully submitted,

*/s/ Nicole Bredahl*

Nicole L. Bredahl
Barkus Law Firm, P.C.
3431 4th Ave. S. Ste. 201
Fargo, ND 58103
701-532-2498
Email: nicole@barkuslawfirm.com
Attorney for Defendant Celestin-Ortega

*/s/ Rajan Maline*

Rajan Maline
Law Office of Rajan Maline
3850 Vine Street, Ste. 100
Riverside, CA 92507
951-779-0221
Email: raj@malinelawgroup.com
Attorney for Defendant Torres Meraz

*/s/ Chris Snyder*

Chris Snyder
Snyder Law
PO Box 616
Moorhead, MN 56561-0616
218-284-1110
Email: chris@synderlawmhd.com
Attorney for Defendant Rocha