427922081f98d620

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 3:24-cr-061; 3:25-cr-036 |
| Plaintiff, | **UNITED STATES' MOTION FOR JOINDER OF DEFENDANTS FOR JURY TRIAL** |
| v. | |
| JESUS AMURAHABY CELESTIN-ORTEGA, a/k/a FLACO; TRINIDAD TORRES MERAZ; RAFAEL BUENO-NAVA; CHRISTIAN IVAN GONZALEZ; and MARTINA LUCIA MENDEZ, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ADAM JAVIER PONCE, a/k/a ADAM GUTIERREZ, a/k/a EL COLORADO; and BENJAMIN OLGUIN-ORTIZ, | |
| Defendants. | |

The United States of America, by Nicholas W. Chase, United States Attorney for

the District of North Dakota, and Matthew P. Kopp, Assistant United States Attorney,

moves to join for trial Defendants Jesus Celestin-Ortega, Trinidad Meraz, Rafael Bueno-

Nava, Christian Gonzalez, and Martina Mendez, all charged in Case No. 3:24-cr-061,

with Defendants Adam Ponce and Benjamin Olguin-Ortiz, both charged in Case No.

3:25-cr-036. Notwithstanding the separate Indictments, all Defendants are charged as

part of the same drug trafficking conspiracy and therefore should be joined for trial to promote judicial economy.

## BACKGROUND

In April 2024, the grand jury returned an Indictment against Celestin-Ortega, Meraz, Bueno-Nava, Gonzalez, Mendez, and others who have since either pleaded guilty or entered into plea agreements. (Case No. 3:24-cr-061, Doc. 2.) The Indictment alleges Celestin-Ortega led a drug trafficking enterprise from inside a Federal Bureau of Prisons facility in Florence, Colorado, that obtained fentanyl, methamphetamine, and heroin from suppliers in Mexico for distribution in the United States. The allegations specify that the other Defendants transported and shipped drugs and collected and transferred money for the organization. (*Id.*)

Two months later, the United States moved to sever Mendez and another Defendant because they were fugitives whose whereabouts were then unknown. (Case. No. 3:24-cr-061, Doc. 89.)  The Court granted the motion and scheduled a jury trial for the Defendants who had appeared. (Case. No. 3:24-cr-061, Doc. 93.) Law enforcement later arrested Mendez, and she has since appeared. (Case. No. 3:24-cr-061, Doc. 201.) Trial is currently set for January 13, 2026. (Case. No. 3:24-cr-061, Docs. 183, 203.)

In February 2025, the grand jury returned an Indictment against two additional coconspirators, Ponce and Olguin-Ortiz. (Case No. 3:25-cr-036, Doc. 2.) That Indictment explicitly charges Ponce and Olguin-Ortiz with participating in the same drug trafficking conspiracy as Celestin-Ortega, Meraz, Bueno-Nava, Gonzalez, and Mendez. (*Id.*) Trial is now also set in that case for January 13, 2026. (Case No. 3:25-cr-036, Doc. 28.)

## ARGUMENT

A district court "may order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment." Fed. R. Crim. P. 13. In turn, two or more defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Federal courts construe the rules liberally in favor of joinder. *United States v. Reeves*, 143 F.4th 999, 1006 (8th Cir. 2025).

"Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). As a result, "[t]he general rule is that persons charged in a conspiracy should be tried together." *United States v. Sherman*, 81 F.4th 800, 805 (8th Cir. 2023) (citation omitted); *see also United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998) (citation omitted) (explaining that "rarely, if ever, will it be improper for co-conspirators to be tried together").

Here, all Defendants are charged with participating in the same drug trafficking conspiracy. Several Defendants are also charged with drug importation and money laundering conspiracies that directly relate to the drug trafficking conspiracy. The charges in both cases could have been joined in a single indictment. The evidence and witnesses in both cases will substantially overlap. A joint trial will therefore promote the judicial economy and verdict consistency reasons joinder is intended to safeguard. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Flores*, 362 F.3d 1030, 1039

(8th Cir. 2004) (internal quotation omitted) ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.").

**CONCLUSION**

The United States respectfully requests that the Court order Celestin-Ortega, Meraz, Bueno-Nava, Gonzalez, and Mendez joined with Ponce and Olguin-Ortiz for trial.

Dated:  November 18, 2025

NICHOLAS W. CHASE
United States Attorney

By:    */s/ Matthew P. Kopp*
MATTHEW P. KOPP
Assistant United States Attorney
ND Bar ID 09572
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
matthew.kopp@usdoj.gov
Attorney for United States