**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR JOINDER** |
| v. | ) | |
| | ) | Case No. 3:24-cr-61 |
| Jesus Amurahaby Celestin-Ortega, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 3:25-cr-36 |
| Adam Javier Ponce, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The United States moves to join Defendant Edgar Hernandez with Defendants Jesus Celestin-Ortega, Trinidad Meraz, Rafael Bueno-Nava, Christian Gonzales, Martina Mendez, Adam Ponce, and Benjamin Olguin-Ortiz for trial. Doc. 238 in Case No. 3:24-cr-61.[1] No Defendant filed a response to the motion. The motions are granted.

## I.    BACKGROUND

In April 2024, the grand jury returned an indictment against Celestin-Ortega, Meraz, Hernandez, Bueno-Nava, Gonzalez, Mendez, and others who have since pleaded guilty or entered into plea agreements. Doc. 1. The indictment alleges Celestin-Ortega led a drug trafficking enterprise from inside a Federal Bureau of Prisons facility. The other Defendants allegedly transported drugs and collected money for the organization. Id. The United States later moved to

---

[1] Identical motions appear in both above-entitled cases.

sever Hernandez and Mendez because their whereabouts were unknown. Docs. 89; 90. The Court granted the motion. Doc. 93. Law enforcement later arrested Mendez, and she has since appeared. Doc. 201.

In February 2025, the grand jury returned an indictment against additional coconspirators Ponce and Olguin-Ortiz. Doc. 1 in Case No. 3:25-cr-36. That indictment charges Ponce and Olguin-Ortiz with participating in the same drug trafficking conspiracy as Celestin-Ortega, Meraz, Hernandez, Bueno-Nava, Gonzalez, and Mendez. Id. The United States moved to join these cases, arguing they charged the same conspiracy and that joinder would promote judicial economy. Doc. 211. The Court granted the motion. Doc. 216. Trial is set for July 28, 2026. Doc. 217.

In December 2025, law enforcement arrested Hernandez in California. Doc. 214. United States Magistrate Judge David T. Bristow ordered him detained pending trial. Doc. 214-11. Hernandez appeared in the District of North Dakota on March 18, 2026. Doc. 233. Trial is set for Hernandez on May 12, 2026. Doc. 237. The United States now moves to rejoin Hernandez with the other Defendants, arguing they are all charged as part of the same conspiracy and should be joined to promote judicial economy. Doc. 238 at 2.

## II.    **DISCUSSION**

Under Federal Rule of Criminal Procedure 13, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. "But because Rule 13 provides no independent joinder authority, the court must look to Rule 8(b) to determine 'whether the [G]overnment could have satisfied the requirements of Rule 8 if the charges and defendants had been brought as a single proceeding. If the Rule 8 requirements are not satisfied the matters may not be consolidated.'" United States v. Berganza Espina, No. 4:19-

CR-00228, 2021 WL 4941073, at \*1 (E.D. Tex. Oct. 22, 2021) (quoting 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Consolidating Indictments and Informations § 217 (5th ed.); and citing United States v. Harrelson, 754 F.2d 1153, 1176 (5th Cir. 1985)). Under Federal Rule of Criminal Procedure 8(b), "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

"Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). Under that formulation, "rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Ali, 799 F.3d 1008, 1023 (8th Cir. 2015) (cleaned up). The decision to consolidate separate cases for trial is discretionary. United States v. Knowles, 572 F.2d 267, 270 (10th Cir. 1978); United States v. Haygood, 502 F.2d 166, 169 n.5 (7th Cir. 1974).

No Defendant filed a response to the motion for joinder. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Crim. L.R. 47.1(E). The Court has also reviewed the record and case law and is persuaded that joinder is appropriate on these facts. Hernandez' trial should be joined with the below-discussed defendants to promote judicial economy and efficiency. United States v. Rimell, 21 F.3d 281, 288 (8th Cir. 1994) (explaining rules are liberally construed in favor of joinder).

## III.    CONCLUSION

Having considered the record and the parties' filings, the United States' motions for joinder (Doc. 238 in Case No. 3:24-cr-61 and Doc. 52 in Case No. 3:25-cr-36) are **GRANTED**. Pursuant to Rules 8(b) and 13 of the Federal Rules of Criminal Procedure, Hernandez is joined for trial with Defendants Celestin-Ortega, Trinidad Meraz, Rafael Bueno-Nava, Christian Gonzales, Martina

3

Mendez, Adam Ponce, and Benjamin Olguin-Ortiz. All cases will proceed to trial on July 28, 2026.

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court