IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS AMURAHABY CELESTIN-ORTEGA, a/k/a FLACO;<br>TRINIDAD TORRES MERAZ;<br>EDGAR HERNANDEZ,<br>a/k/a IVAN EDGAR HERNANDEZ VASQUEZ; and<br>RAFAEL BUENO-NAVA,<br><br>Defendants. | Case Nos. 3:24-cr-061; 3:25-cr-036<br><br>**UNITED STATES' RESPONSE TO MOTIONS TO CONTINUE TRIAL** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM JAVIER PONCE, a/k/a ADAM GUTIERREZ, a/k/a EL COLORADO; and<br>BENJAMIN OLGUIN-ORTIZ,<br><br>Defendants. | |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Matthew P. Kopp, Assistant United States Attorney, respectfully submits this response to Defendants Jesus Celestin-Ortega's, Trinidad Meraz's, and Edgar Hernandez's motions to continue the trial currently scheduled for July 28, 2026. (Case No. 3:24-cr-061, Docs. 251, 252, 254.) The motions should be granted and trial continued for all defendants.

**BACKGROUND**

In April 2024, the grand jury returned an Indictment against Celestin-Ortega, Meraz, Hernandez, Rafael Bueno-Nava, and others who have since either pleaded guilty or entered into plea agreements. (Case No. 3:24-cr-061, Doc. 2.) The Indictment alleges Celestin-Ortega led a drug trafficking enterprise from inside a Federal Bureau of Prisons facility in Florence, Colorado, that obtained fentanyl, methamphetamine, and heroin from suppliers in Mexico for distribution in the United States. The allegations specify that the other Defendants transported and shipped drugs and collected and transferred money for the organization. (*Id.*)

Two months later, the United States moved to sever Hernandez and another codefendant because they were fugitives whose whereabouts were then unknown. (Case. No. 3:24-cr-061, Doc. 89.) The Court granted the motion and scheduled a jury trial for the Defendants who had appeared. (Case. No. 3:24-cr-061, Doc. 93.)

In February 2025, the grand jury returned a separate Indictment against two additional Defendants, Adam Ponce and Benjamin Olguin-Ortiz. (Case No. 3:25-cr-036, Doc. 2.) That Indictment charges Ponce and Olguin-Ortiz with engaging in the same drug trafficking conspiracy as Celestin-Ortega, Meraz, Hernandez, and Bueno-Nava. (*Id.*)

In January 2026, the Court ordered Celestin-Ortega, Meraz, and Bueno-Nava joined with Ponce and Olguin-Ortiz for trial. (Case No. 3:24-cr-061, Doc. 216; Case No. 3:25-cr-036, Doc. 38.) None of the Defendants objected to joinder.

Hernandez became the final Defendant to appear in the District of North Dakota on March 18, 2026. (Case No. 3:24-cr-061, Doc. 233.) The Court ordered Hernandez

rejoined with the other Defendants on April 23, 2026. (Case No. 3:24-cr-061, Doc. 241; Case No. 3:25-cr-036, Doc. 57.) Again, none of the Defendants objected to joinder. Trial is now set to begin for all Defendants on July 28, 2026. (*Id.*)

Celestin-Ortega, Meraz, and Hernandez move to continue trial. Celestin-Ortega cites the need for more time to review voluminous discovery to decide whether to proceed with trial. (Case No. 3:24-cr-061, Doc. 252.) Meraz cites the need for more time to investigate, prepare for trial, and allow a retained fingerprint expert to analyze discovery materials. (Case No. 3:24-cr-061, Doc. 251.) Hernandez cites his counsel's recent appointment, the need for additional time to investigate and review voluminous discovery, and a pending request for funding to retain a fingerprint expert to review forensic evidence. (Case No. 3:24-cr-061, Doc. 254.) Meraz and Hernandez executed written waivers of their speedy trial rights. (Case No. 3:24-cr-061, Docs. 251-1, 253.)

As an additional factor, the Court appointed new counsel for Olguin-Ortiz on April 10, 2026. (Case No. 3:25-cr-036, Doc. 55.) Within the last two weeks, Olguin-Ortiz's counsel moved for a status conference based on an inability to communicate with him at all since being appointed. (Case No. 3:25-cr-036, Doc. 58.) Counsel indicated he would not likely be able to adequately consult with Olguin-Ortiz or be prepared for trial by the current date. (*Id.*) The Court granted the motion for a status conference but has not yet set a hearing. (Case No. 3:25-cr-036, Doc. 59.)

Bueno-Nava and Ponce object to a continuance. Bueno-Nava asks the Court to deny the motions to continue and proceed with trial for all Defendants as scheduled. (Case No. 3:24-cr-061, Doc. 257.) Ponce likewise asks that the motions to continue be

denied but alternatively moves for severance to allow his trial to proceed on its own. (Case No. 3:25-cr-036, Doc. 60.)

Discovery exceeds 55,000 pages and includes voluminous audio, video, forensic, and spreadsheet evidence. In addition, of the Defendants who remain pending for trial, only Ponce and Hernandez speak English. All other Defendants require interpreters to review discovery and communicate with counsel. For those reasons, Celestin-Ortega, Meraz, and another codefendant moved for this matter to be designated as complex for speedy trial purposes in August 2024. (Case No. 3:24-cr-061, Doc. 108.) The Court agreed and declared the case complex. (Case No. 3:24-cr-061, Doc. 112.)

## ARGUMENT

The Speedy Trial Act authorizes an excludable continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Relevant factors to consider for an ends-of-justice continuance include: (1) "[w]hether the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice"; (2) "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by [the Speedy Trial Act]"; and (3) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

Failure to grant the motions to continue here would result in a miscarriage of justice and deny defense counsel the reasonable time necessary for effective and diligent preparation. The discovery review, expert witness analysis, and trial preparation reasons outlined in the motions provide more than sufficient justification to delay the trial. Forcing Celestin-Ortega, Meraz, and Hernandez (and likely Olguin-Ortiz too) to proceed to trial unprepared to meet critical evidence or into hasty decisions to forgo trial would not serve the ends of justice.

Bueno-Nava nominally claims his codefendants "have not demonstrated sufficient diligence or good cause to support their motions to continue" but follows with nothing specific on the point. (Case No. 3:24-cr-061, Doc. 257.) Ponce too only says that another codefendant's reasons for a continuance should not delay his own trial. (Case No. 3:25-cr-036, Doc. 60.) Neither argument meaningfully challenges the legitimate factors for a continuance that Celestin-Ortega, Meraz, and Hernandez have offered.

The Court designated this matter as complex for good reason. The discovery is extensive, the number of Defendants is substantial, and the language barrier for many necessarily requires a time-intensive process to adequately review discovery and prepare for trial. Celestin-Ortega's counsel has been appointed for less than a year (Case No. 3:24-cr-061, Doc. 173); Hernandez's counsel has been appointed for three months (Case No. 3:24-cr-061, Doc. 234); Olguin-Ortiz's counsel has been appointed for just over two months (Case No. 3:25-cr-036, Doc. 55). Those facts in combination with the complex case designation merit a continuance, particularly where neither Bueno-Nava nor Ponce objected to any previous continuances or two joinder motions portending likely delay.

If the Court grants the motions based on the ends of justice, the time excluded from the speedy trial calculation applies to all Defendants. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) (citation and alteration omitted) ("Exclusions of time attributable to one defendant apply to all codefendants."). Granting the motions to continue will leave all Defendants' speedy trial rights fully intact.

Ponce's alternative motion for severance lacks merit. The Indictments charge Celestin-Ortega, Meraz, Hernandez, Bueno-Nava, Ponce, and Olguin-Ortiz with participating together in drug trafficking and money laundering conspiracies. (Case No. 3:24-cr-061, Doc. 2; Case No. 3:25-cr-036, Doc. 2.) "The general rule is that persons charged in a conspiracy should be tried together." *United States v. Sherman*, 81 F.4th 800, 805 (8th Cir. 2023) (citation omitted). "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) (quoting *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002)). Evidence at trial will show that Celestin-Ortega orchestrated a continuing series of drug transactions and payment collections that involved Meraz, Hernandez, Bueno-Nava, Ponce, and Olguin-Ortiz. Each codefendant's conduct is directly intertwined, resulting in substantial overlap in the evidence against them. Severance to accommodate a marginally accelerated trial for Ponce would thwart judicial efficiency and verdict consistency reasons joinder is intended to safeguard. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993).

## CONCLUSION

The United States requests that the Court grant an ends-of-justice continuance for all Defendants based on Celestin-Ortega's, Meraz's, and Hernandez's motions, as well as the previous complex case designation. Ponce's request for severance should be denied.

Dated:  June 22, 2026

NICHOLAS W. CHASE
United States Attorney

By:  */s/ Matthew P. Kopp*
MATTHEW P. KOPP
Assistant United States Attorney
ND Bar ID 09572
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
matthew.kopp@usdoj.gov
Attorney for United States